## Listman Mill Co. v. J. S. Dunscomb.

1. HARMLESS ERROR—*Admission of Evidence.*—Error in the admission of evidence will not justify a reversal when there is sufficient evidence to justify the finding of the jury, and the improper evidence has not been prejudicial to the party complaining of it.

Assumpsit, for goods sold and delivered. Trial in the County Court of Vermilion County; the Hon. M. W. THOMPSON, Judge, presiding. Verdict and judgment for the defendant; appeal by plaintiff. Heard in this court at the May term, 1899. Affirmed. Opinion filed September 20, 1899.

CHAS. L. CHAMBERLIN, attorney for appellant.

DYER & WALLBRIDGE, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was an action of assumpsit, brought by appellant against appellee, in the County Court of Vermilion County. The declaration alleged that appellant received appellee's written order for a hundred and twenty-five barrels of flour, which appellant shipped to appellee in accordance with the terms therein specified, but that appellee refused to receive and pay for the flour, or any part of it, and by reason thereof,

appellant was forced to sell and dispose of same at a loss to it of $300.

Appellee filed the general issue, and two special pleas seting up that the order given by him was subject to the right of appellant to ratify or confirm it, and that in case appellant should ratify the order that appellee should have the right to countermand it at any time before the shipment of the flour, and also averring that, before the order was accepted or ratified by appellant, appellee did countermand and cancel it.

The case was tried by jury, who found the issues for appellee, and the court, after overruling a motion for a new trial, rendered judgment against appellant in bar of the action and for costs, from which judgment he appeals to this court insisting that the verdict and judgment are against the law and the evidence, and that the court improperly ruled on the evidence and the instructions.

Two interrogatories were submitted to the jury under the court's direction, which, with the answers, are as follows :

First.  " Did the defendant, J. S. Dunscomb, reserve the right to countermand the order for flour given to the plaintiff at any time within thirty days? A.  Yes."

Second.  " Did the plaintiff confirm the sale of the flour before the order was countermanded by the defendant ? A.  No."

The evidence shows that appellee, on the 18th day of May, 1898, gave appellant, through its traveling salesman, William Cowan, a written order for a hundred and twenty-five barrels of flour, consisting of two grades, which order contained the following :

" Ship in thirty days unless ordered sooner by J. S. Dunscomb, who reserves privilege to discount bills.  This order subject to confirmation by Listman Mill Co., La Crosse, Wis., in price and terms."

On June 1, 1898, appellant received from appellee the following telegram, countermanding the order:  " You may not ship car of flour ordered by Cowan."

There is considerable conflict in the evidence as to whether or not appellant had accepted or ratified the order

Listman Mill Co. v. Dunscomb.

for the flour before receiving the above telegram, appellant claiming that it mailed its written acceptance to appellee on the 19th of May, 1898, the day after the order was signed, while appellee insists that his order was not accepted by appellant until June 2, 1898, after he had countermanded it.

The order given by appellee in this case simply amounted to an offer or proposition on his part to take the flour from appellant at a certain price therein named, and gave appellant the right to accept the order within a reasonable time, if it so desired, but appellee had the right to withdraw that offer at any time before it was accepted by appellant; and in the sharp conflict as to when the offer was accepted, the jury found for the appellee; and upon examination of all the evidence, we are unable to say this finding was wrong.

Appellant claims the court erred in permitting oral testimony to go to the jury, tending to show that appellee, at the time of giving the order, reserved the right to cancel it at any time before the flour was shipped, as it tended to vary the terms of the written order. While this may have been error, yet the appellant was not prejudiced thereby, as the jury, by their special finding, have said that appellee canceled and withdrew his order or offer to take the flour, before it was accepted by appellant.

Error in the admission of evidence will not justify a reversal when there is sufficient evidence to justify the finding of the jury, and the improper evidence has not been prejudicial to the party complaining of it.

We have carefully read all the evidence and all the instructions given and refused in this case, and are satisfied that on the whole record the conclusion reached by the jury is right; therefore we affirm the judgment rendered upon the verdict in this case.   Judgment affirmed.